UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VALERIE BOSE,

                Plaintiff,

                                                            **ORDER**

        -against-                                     CV-07-2431(SJF)(SMG)

CITY OF NEW YORK, CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT, CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT DIVISION OF CODE
ENFORCEMENT, 1254 CENTRAL ASSOCIATE,
LLC, LILMOR MANAGEMENT, LLC, and
SEAN MOSS, REGIONAL DIRECTOR OF THE
UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

On June 15, 2007, plaintiff Valerie Bose (plaintiff) commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated her civil rights by, *inter alia*, failing to comply with their obligations under 42 U.S.C. §§ 1437f(o)(8) and 24 C.F.R. § 982.401, *et seq.*, resulting in her eviction from her residence and lead poisoning in her children. Before the Court are objections by plaintiff to a Report and Recommendation (the Report) of United States Magistrate Judge Steven M. Gold, dated January 14, 2008, recommending that the motion of the City of New York, the New York City Department of Housing Preservation and Development (HPD) and the New York City Department of Housing Preservation and Development Division of Code Enforcement (DCE) (collectively, the City defendants) to dismiss the complaint be granted. For the reasons stated herein, the objections are overruled and the Report is accepted in its entirety.

1

I. Discussion

   A. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

   B. Plaintiff's Objections

Plaintiff contends that Magistrate Judge Gold erred, *inter alia*, in concluding that the family is not the focus of 42 U.S.C. §§ 1437(o)(8)(A), (B) and (C) and, thus, that Section 1437f(o)(8) does not create individual rights enforceable in a Section 1983 action.

Upon *de novo* review of the Report and consideration of plaintiff's objections and all responses in opposition and reply thereto, plaintiff's objections are overruled and the Report is accepted in its entirety.

II. Conclusion

Upon *de novo* review of the Report, plaintiff's objections are overruled, the Report is accepted in its entirety and the complaint is dismissed in its entirety[1]. The clerk of the Court is directed to close this case.

SO ORDERED.

/s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 27, 2008
Central Islip, New York

Copies to:

Law Office of Damond J. Carter, PLLC
58 Beacon Avenue
Albany, New York 12203

New York City Law Department
100 Church Street
New York, New York 10007
Attn: Nicholas R. Ciappetta

---

[1] Although only the City defendants moved to dismiss the complaint, in light of the determination that plaintiff cannot state a valid Section 1983 claim based on violations of 42 U.S.C. §§ 1437f(o)(8) and 24 C.F.R. § 982.401, *et seq.*, the complaint is *sua sponte* dismissed as against the remaining defendants, if any, as well.